**OPINION ON REHEARING**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDWIN CRUZ,
Plaintiff-Appellant,

v.

UNNAMED DEFENDANTS;

No. 99-6102

CORRECTIONAL OFFICER KINDER;
CORRECTIONAL OFFICER MURPHY;
LIEUTENANT FLEMING; MAJOR
MATHENA,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CA-98-103-R)

Submitted: July 13, 1999

Decided: July 29, 1999

Before NIEMEYER and HAMILTON, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin Cruz, Appellant Pro Se. William W. Muse, Assistant Attorney
General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal is before us on Appellant Edwin Cruz's petition for rehearing. We dismissed the appeal as untimely. However, in light of new evidence that Cruz's misdirected notice of appeal was timely, see Fed. R. App. P. 4(d), we grant rehearing and consider the case on the merits. However, our review of the record discloses no reversible error.

As the district court correctly concluded, Cruz's allegation of deprivation of property is not cognizable under 42 U.S.C.A. § 1983 (West Supp. 1999). See Hudson v. Palmer, 468 U.S. 517, 532-33 (1984).

Cruz's excessive force claim was tried to a jury. The jury's verdict was based on its determination of the witnesses' credibility, and as such, it is not reviewable. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Contrary to Cruz's assertion, he is not entitled to a written record of the individual jurors' votes. Further, the record does not suggest clear error in the Defendants' use of a peremptory strike to exclude a potential juror. See Davis v. Baltimore Gas & Elec. Co., 160 F.3d 1023, 1026-27 (4th Cir. 1998). Finally, neither the admission into evidence of a videotape of only a portion of the incident at issue, nor Cruz's failure to call witnesses known to him prior to trial, provides a basis for relief on appeal.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED